F1NKCHEC

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                           15 CR 38 (AJN)

5   CHENG LE,

6              Defendant.

7   ------------------------------x

8                                    New York, N.Y.
                                     January 23, 2015
9                                    11:40 a.m.

10

    Before:
11
                       HON. ALISON J. NATHAN,
12
                                        District Judge
13

14                             APPEARANCES

15
    PREET BHARARA,
16       United States Attorney for the
         Southern District of New York
17  ILAN T. GRAFF
         Assistant United States Attorney
18
    PATRICK JEROME BRACKLEY
19       Attorney for Defendant

20

21

22

23

24

25
```

F1NKCHEC

1          THE DEPUTY CLERK:  U.S. v. Cheng Le.  Parties, state

2     your names for the record, starting with the government.

3          MR. GRAFF:  Good morning, your Honor.  Ilan Graff, for

4     the government.

5          THE COURT:  Good morning, Mr. Graff.

6          MR. BRACKLEY:  Good morning, Judge.  Patrick Brackley,

7     for the defendant.  Good morning.

8          THE COURT:  Good morning, Mr. Brackley.  Good morning,

9     Mr. Le.

10          We are here for an arraignment on 15 CR 38, and then

11     an initial conference.

12          Mr. Le, I am Judge Nathan.  I'm the judge who will be

13     presiding over this case going forward.

14          Let me begin with the indictment.  Mr. Le, have you

15     received a copy of the indictment?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Have you had time to review it with your

18     attorney?

19          THE DEFENDANT:  No.

20          THE COURT:  No?  Okay.  I'll give you as much time as

21     you need.  I'll step off the bench and come back after you've

22     had some time to discuss the indictment with Mr. Brackley.

23          (Pause)

24          THE COURT:  Mr. Brackley, have you had an opportunity

25     to go through the indictment with your client?

F1NKCHEC

1              MR. BRACKLEY:  I have, Judge.

2              THE COURT:  Okay, thank you.

3              Mr. Le have you had enough time to review the

4    indictment with Mr. Brackley?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  I'm sorry?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Okay, thank you.

9              You have a right for me to read the indictment to you

10   here in public or you can waive the public reading.  Do you

11   waive the public reading?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  I'm going to ask you how you'd like to

14   plead to the charges -- guilty or not guilty?

15             THE DEFENDANT:  Not guilty.

16             THE COURT:  All right, thank you.

17             Let's turn then to the scheduling conference.

18   Mr. Graff, could you please provide a report to the Court, in

19   terms of summary of the charges, what has occurred so far, talk

20   to me about the status of discovery and include in that

21   discussion what types of evidence you expect to produce and how

22   long it will take to produce it.

23             MR. GRAFF:  Absolutely, your Honor.  The facts

24   underlying --

25             THE COURT:  Pull up the mic, please, as close to you

F1NKCHEC

1   as possible.  Thank you.

2        MR. GRAFF:  Yes, your Honor.  The facts underlying the

3   charges are set forth in some detail in the complaint.  Just to

4   complete your Honor's understanding of information that came to

5   the government's attention after the complaint was prepared, in

6   addition to the facts, again, outlined in the complaint, the

7   search of the defendant's apartment also yielded a quantity of

8   seeds which subsequent lab testing confirmed were in fact

9   castor seeds from which ricin was derived.

10        Additionally, when shutting down the defendant's

11   computer or the laptop that was on in the defendant's apartment

12   at the time of his arrest, the FBI team that was shutting it

13   down took screenshots of a website for the black marketplace on

14   which the transaction discussed in the complaint occurred, and

15   that account was logged into using one of the log-ins

16   affiliated with the person identified in the complaint as the

17   ricin buyer.  There were also multiple chat windows that were

18   open using the monikers FNU and WID, which of course could

19   stand for "when in doubt."

20        In terms of discovery, your Honor, all of the

21   materials that are currently in the government's possession

22   were produced to the defendant or to defense counsel earlier

23   this week, on January 21st.  Those materials include roughly

24   300 pages of documents, which include transcripts of the

25   communications outlined in the complaint, certain search

F1NKCHEC

1   warrants, including for the defendant's apartment, for

2   electronic devices, and for other materials, a number of

3   financial records, and the lab results to which I averted a

4   moment ago related to the castor seeds.

5         There are also some digital materials, specifically

6   search photos from the defendant's apartment, audio and video

7   recordings from the defendant's postarrest statement, and video

8   from within the shipping store of the defendant picking up the

9   package.  I've also advised defense counsel that the government

10   has available for him the contents of the majority of the

11   electronic devices that were seized from the defendant's

12   apartment during the search that began on December 23rd.  If

13   defense counsel can provide us with a two-terabyte hard drive,

14   as soon as that happens, then those materials will also be

15   available for his review.

16         I've noted for defense counsel and for your deputy

17   that there is one outstanding piece of discovery, specifically,

18   the laptop that I mentioned a few moments ago that was logged

19   in at the time of the defendant's arrest.  There is complicated

20   encryption on that laptop and I have been advised by those who

21   know far more about decrypting things than I that it should

22   take between 90 and 120 days to have that decrypted to the

23   extent that the government can access it for its own purposes

24   and certainly for it to be able to provide timely discovery to

25   Mr. Brackley.  The people involved in the process are aware of

F1NKCHEC

1  the need for speed so that these proceedings can move apace.

2  What I can tell the Court is that, first of all, should it

3  become possible to access the device sooner, we will of course

4  advise the Court and advise Mr. Brackley.

5          Additionally, having discussed the discovery with

6  Mr. Brackley, and in particular the implications for this

7  outstanding piece of discovery, for purposes of motions in the

8  trial calendar, Mr. Brackley did not think -- and he should of

9  course correct me if I am wrong -- Mr. Brackley did not think

10  that there was a reason to delay the motion schedule until the

11  contents of the computer were in hand -- that is, any motions

12  related to those contents he can discern on the face of the

13  search warrants and the materials already available to him --

14  nor did he think that it would interfere with the timing of the

15  trial schedule that we discussed with your deputy.

16          THE COURT:  All right, thank you.

17          Mr. Brackley?

18          MR. BRACKLEY:  That's correct, Judge.

19          THE COURT:  So you've discussed a schedule with my

20  deputy.  Let me ask you, Mr. Brackley, just to confirm, in

21  light of what the government has described as the quantity and

22  nature of the discovery that you have in hand now all but what

23  remains to be extracted from the encrypted laptop, what you

24  would like to set as an outside date by which to file your

25  initial motions if you have any available.

F1NKCHEC

1           MR. BRACKLEY:  Well, Judge, we've agreed on

2    March 17th, and I think there's a response schedule.  I believe

3    that's acceptable and I think we have a trial date of

4    August 3rd, which is acceptable as well.  Mr. Graff and I are

5    working very well.  We will have the discovery turned over and

6    we will be ready to file the motions and go to trial, should

7    that be the path of this case, Judge.

8           THE COURT:  Okay.  That's fine.

9           So we will set March 17th as a date to file motions.

10   I would like to be notified when the encrypted laptop data is

11   produced to the defendant, Mr. Graff.

12          MR. GRAFF:  Yes, your Honor.

13          THE COURT:  Just put in a letter indicating that.

14          Let's say, Mr. Brackley, within a week of that, if you

15   want to propose altering the schedule in light of what you

16   receive, if you would put in a letter letting me know

17   otherwise, I'll assume we can continue apace.

18          MR. BRACKLEY:  Yes, Judge.

19          THE COURT:  Thank you.

20          Opposition to any motions that are filed, we will set

21   for April 3rd, replies by April 10th.

22          Mr. Brackley, based on what you anticipate now, do you

23   think we should put a hearing date on the calendar?  Or is it

24   too soon to tell?

25          MR. BRACKLEY:  Too soon to tell, Judge, but I would

F1NKCHEC

1    wager that we will not need a hearing.

2          THE COURT:  When motions come in, if they do, I'll

3    assess whether I want to at least get a date on the calendar in

4    the event we need it.  Okay?

5          MR. BRACKLEY:  Yes.

6          THE COURT:  August 3rd, 2015, we can set as our trial

7    date.  That's the request of the parties?

8          MR. GRAFF:  Yes, your Honor.

9          MR. BRACKLEY:  Yes, Judge.

10          THE COURT:  All right.  We will set August 3rd, 2015,

11    as our firm trial date.  And, again, Mr. Brackley, I'll invite

12    you, just because of the delay in receiving the outstanding

13    discovery, if you want to propose an alteration to the

14    schedule, just let me know soon after you receive it and I will

15    bring you in and we will discuss the schedule again.

16          I do set firm trial dates so that we can all do what

17    we need to do in advance of the trial date and set our

18    expectations around that.

19          Mr. Le, I say this at every proceeding when I set a

20    trial date, though there's no reason to think it would be so

21    here, but sometimes defendants ask for a new counsel to come in

22    to the case.  As I say, I have no reason to think that would be

23    an issue here, but if you were to make a request for someone

24    else to come into the case, I'll hear that request but anyone

25    new who comes into the case has to work with the schedule that

F1NKCHEC

1   we are setting today.  Is that point clear?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  All right, thank you.

4            Mr. Brackley, do you have any applications?

5            MR. BRACKLEY:  Only, Judge, to exclude the time; other

6   than that, no.

7            THE COURT:  All right.  And I will hear from Mr. Graff

8   on speedy trial.

9            MR. GRAFF:  Yes, your Honor.  In light of what's been

10  discussed here, and in particular, to give defense counsel -- I

11  know that Mr. Brackley has already begun to engage with the

12  discovery and I imagine he will need additional time to do

13  that, as he prepares for motions and potentially trial and

14  perhaps to allow the parties to discuss a disposition, the

15  government would ask for time to be prospectively excluded from

16  today's date up to and including, in the first instance,

17  March 17th, the motions deadline, and, the government submits

18  that would be, in this case, in the interests of justice.

19           THE COURT:  And no objection, Mr. Brackley?

20           MR. BRACKLEY:  No objection.

21           THE COURT:  All right.  I will exclude time until the

22  motions date.  I find that the ends of justice served by

23  granting an exclusion from speedy trial computations for the

24  period from today's date through March 17, 2015, outweigh the

25  interests of the public and the defendant in a speedy trial

F1NKCHEC

1    because this time is necessary for the continued production of

2    discovery by the government, review of all the discovery by the

3    defendant, time for the defendant to consider and prepare any

4    potential motions in advance of that date.

5              If I do determine that we will set a hearing date,

6    I'll put out an order to that effect soon after March 17th.

7              Mr. Graff, anything else I can address at this time?

8              MR. GRAFF:  No.  Thank you, your Honor.

9              THE COURT:  Mr. Brackley?

10             MR. BRACKLEY:  No, Judge.  Thank you.

11             THE COURT:  Thank you, everyone.  We are adjourned.

12                              * * *

13

14

15

16

17

18

19

20

21

22

23

24

25