```
F5DVCHEC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4              v.                            15 CR 38 (AJN)
5  CHENG LE,
6              Defendant.                    CURCIO HEARING
7  ------------------------------x
8                                            New York, N.Y.
                                             May 13, 2015
9                                            12:10 p.m.

10 Before:
11
                    HON. ALISON J. NATHAN,
12
                                             District Judge
13
14                      APPEARANCES
15
   PREET BHARARA,
16     United States Attorney for the
       Southern District of New York
17 ILAN T. GRAFF
       Assistant United States Attorney
18
   PATRICK J. BRACKLEY
19     Attorney for Defendant

1          (Case called)

2          MR. GRAFF:  Good afternoon, your Honor.

3          Ilan Graff for the government.

4          THE COURT:  Good afternoon, Mr. Graff.

5          MR. BRACKLEY:  Good afternoon, Judge.

6          Patrick Brackley for Mr. Cheng Le, who is here

7   present.

8          And, Judge, I appreciate the efforts of you and your

9   staff and the government to accommodating me this morning.

10  Thank you.

11         THE COURT:  Thank you, Mr. Brackley.  And good

12  afternoon.  And good afternoon, Mr. Le.

13         Please be seated.

14         We're here today at the government's request for a

15  hearing pursuant to a case called *United States v. Curcio*.  And

16  this is for me to advise you, Mr. Le, of your right to counsel

17  without conflict, and determine if you desire to and are

18  prepared to go forward with Mr. Brackley representing you.  I

19  received the government's request, which was filed under seal

20  on April 15th, 2015.

21         Mr. Le, you're currently represented by Mr. Patrick

22  Brackley, as you know.  What I understand from the government's

23  letter is that Mr. Brackley has been retained by your parents

24  to serve as your lawyer in this matter, so they are paying his

25  bills.  And the purpose of this proceeding is to make sure that

1    you understand the potential risks from having Mr. Brackley
2    serve as your attorney under these circumstances, and to make
3    sure that you've carefully considered these risks and are
4    making an informed and voluntary decision about who you want as
5    your attorney.
6             As I'll get to a little bit later, one option is that
7    you don't have to decide today; I can adjourn the hearing
8    today, I can appoint another lawyer, an independent lawyer,
9    free of cost to you, to represent you solely for purposes of
10   advising you as to whether or not you should proceed with
11   Mr. Brackley.  So that's an option that we'll discuss.
12            But to make sure that you understand the nature of the
13   potential conflicts here, I am going to ask you some questions
14   today related to these matters.  And to do that, I need to have
15   my deputy place you under oath.  So I'll ask you to please
16   stand and raise your right hand.
17            (Defendant sworn)
18            THE COURT:  I'm going to ask you -- you may be seated.
19   Thank you.  I'm going to ask you some preliminary questions,
20   Mr. Le, just to make sure that you are capable of understanding
21   the proceedings today.
22            How old are you, sir?
23            THE DEFENDANT:  I'm 21 years old.
24            THE COURT:  How far did you go in school?
25            THE DEFENDANT:  I finished high school.

1    THE COURT:  Are you currently consulting a doctor for
2 any reason?
3    THE DEFENDANT:  No.
4    THE COURT:  Psychiatrist?
5    THE DEFENDANT:  No.
6    THE COURT:  Have you taken any medicine, drugs, pills,
7 or alcohol in the last 24 hours?
8    THE DEFENDANT:  No.
9    THE COURT:  Have you ever been treated for drug or
10 alcohol addiction?
11    THE DEFENDANT:  No.
12    THE COURT:  And are you feeling well today?
13    THE DEFENDANT:  Yes.
14    THE COURT:  Understand what's happening here today?
15    THE DEFENDANT:  Yes.
16    THE COURT:  I want to make sure that you understand in
17 every criminal case, including this one, a defendant is
18 entitled to the assistance of counsel whose loyalty to him is
19 undivided and who is not subject to any force or consideration
20 that might in any way intrude upon the attorney's loyalty to
21 his client's interest.  Do you understand that point?
22    THE DEFENDANT:  Yes.
23    THE COURT:  And are you currently represented by
24 Mr. Patrick Brackley?
25    THE DEFENDANT:  Yes.

F5DVCHEC

1           THE COURT:  Has Mr. Brackley represented you
2    previously in any other civil or criminal matters?
3           THE DEFENDANT:  No.
4           THE COURT:  And have you been satisfied with
5    Mr. Brackley's representation of you in this case?
6           THE DEFENDANT:  So far.
7           THE COURT:  And your understanding is that
8    Mr. Brackley is retained counsel; is that right?
9           THE DEFENDANT:  Yes.
10          THE COURT:  And do you know who is paying his fee?
11          THE DEFENDANT:  My parents.
12          THE COURT:  And you're not paying his fee; is that
13   right?
14          THE DEFENDANT:  Well, I can't possibly have the
15   finances to pay for that.
16          THE COURT:  You don't have the finances.
17          THE DEFENDANT:  I don't.
18          THE COURT:  So your parents are paying the legal
19   bills.
20          THE DEFENDANT:  Yes.
21          THE COURT:  Because Mr. Brackley is being paid by
22   someone other than you, by what I'll refer to as a third party,
23   here, your parents, Mr. Brackley may be influenced by this
24   third party, by your parents, in connection with his
25   representation of you.  In other words, Mr. Brackley may be

1    influenced to advise you to do things that are in the third
2    parties' interests and not in your best interests.  For
3    example, if the third party might be implicated in the alleged
4    crime, the third party might have an interest in having
5    Mr. Brackley advise you to accept sole responsibility for the
6    unlawful scheme.
7              Alternatively, if the third party was or believes
8    themselves to have been an intended victim of the alleged
9    crime, the third party may have an interest in ensuring you
10   receive a substantial sentence.
11             Do you understand these possibilities?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Do you understand that this potential
14   conflict has existed since Mr. Brackley first began
15   representing you in January 2015?
16             THE DEFENDANT:  Yes.
17             THE COURT:  Now, because of this possible conflict,
18   I'm going to advise you of certain matters.
19             You should understand that under the United States
20   Constitution and laws of this country, you are entitled to the
21   aid and assistance of counsel at all times in these
22   proceedings; you are entitled to counsel of your choice, unless
23   there's a strong legal reason for disqualifying that counsel.
24   If you, yourself, cannot afford an attorney, an attorney will
25   be appointed to represent you without cost.

1              Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  It's essential for purposes of your

4     defense in a criminal proceeding that your attorney has no

5     conflicts or adverse interests of any kind; that is to say, he

6     or she cannot, unless it is with your knowledge and consent,

7     have any conflicting interests in the case.

8              As I said earlier, you have the right to the

9     assistance of a lawyer whose loyalty to you is undivided and

10    not subject to any factor that might intrude upon that loyalty.

11    And the purpose of this law is to ensure that you have a fully

12    devoted defense furnished to you by any attorney who has no

13    other possible interest of any kind in this matter.

14             Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you understand that Mr. Brackley being

17    paid by a third party to this case creates the potential that

18    he may have allegiance or interests that may be adverse to your

19    own?

20             Do you understand that potential?

21             THE DEFENDANT:  Yes.

22             THE COURT:  It's not possible for me to think through

23    all of the potential conflicts that could result, but let me

24    give you some examples of ways in which the potential

25    allegiance of Mr. Brackley to a third party could adversely

                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

1     affect his representation of you in this case.
2             It could affect the way that Mr. Brackley considers
3     and advises you whether and when you should plead guilty,
4     whether you should seek to cooperate with the government, what
5     defenses you should raise, whether you should testify at trial,
6     which witnesses should be cross-examined, and what questions
7     they should be asked, which witnesses should be called, and
8     what other evidence to offer on your behalf, what arguments to
9     make on your behalf to the jury, what arguments to make to me,
10    the Court, and what facts to bring to the Court's attention
11    before trial, during trial, or at your sentencing, if you are
12    convicted.
13            Do you understand these possibilities?
14            THE DEFENDANT:  Yes.
15            THE COURT:  What I'd like to ask you to do now just to
16    confirm that you understand is to please describe for me in
17    your own words your understanding of the conflict of interest
18    that potentially arises here.
19            THE DEFENDANT:  If a third party pays for my lawyer,
20    my lawyer could be influenced by whoever is paying instead of
21    having solely interest in me.
22            THE COURT:  All right.  I do think that you state it
23    well and that you understand.
24            As I mentioned earlier, I can appoint an independent
25    attorney free of cost to consult with you regarding these

1    conflicts of interest.  You understand that you have a right to
2    consult with an independent lawyer to determine whether you
3    wish Mr. Brackley to represent you?
4             THE DEFENDANT:  Yes.
5             THE COURT:  If that is what your choice will be, you
6    should understand that this attorney would not be associated
7    with Mr. Brackley, and that anything you say to that attorney
8    would be a secret between you and them; the attorney cannot
9    tell Mr. Brackley, the government, or me about your
10   discussions.
11            Do you understand that?
12            THE DEFENDANT:  Yes, I do.
13            THE COURT:  Mr. Brackley, have you discussed the
14   potential conflicts of interest with Mr. Le?
15            MR. BRACKLEY:  I have, Judge.
16            THE COURT:  Do you feel that he understands the
17   possible risks of being represented by a lawyer with the
18   potential conflict of interest here?
19            MR. BRACKLEY:  Completely.
20            THE COURT:  Is there anything else you'd like me to
21   state or inquire about in this regard?
22            MR. BRACKLEY:  No, Judge.  I'm satisfied.
23            THE COURT:  Okay.  Mr. Le, as I said, I'm prepared to
24   adjourn this proceeding for several days so that you could
25   consult with an independent attorney, if you'd like.  Would you

1    like me to adjourn to give you more time to think through this
2    matter and meet with an independent attorney or do you feel
3    ready to proceed?
4            THE DEFENDANT:  That wouldn't be necessary.
5            THE COURT:  Not necessary?  Okay.
6            Is there anything that I've said that you wish to have
7    explained further?
8            THE DEFENDANT:  No.
9            THE COURT:  Anything that's unclear?
10           THE DEFENDANT:  No.
11           THE COURT:  And you've indicated you don't wish to
12   consult with an independent attorney.
13           THE DEFENDANT:  No.
14           THE COURT:  And do you still wish to proceed with
15   Mr. Brackley in this case?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Have you received any inducements,
18   promises, or threats with respect to your decision about this
19   potential conflict?
20           THE DEFENDANT:  No.
21           THE COURT:  And are you making your -- so you've just
22   indicated that you'll waive your right to conflict-free
23   representation.  Is that waiver voluntary?  You made that
24   decision voluntarily?
25           THE DEFENDANT:  Yes.

1    THE COURT:  Do you agree to waive any and all future
2 arguments on appeal or otherwise that you were denied effective
3 assistance of counsel because Mr. Brackley's fee was paid by
4 your parents in this case?  Are you willing to waive any such
5 arguments in the future?
6    THE DEFENDANT:  Yes.
7    THE COURT:  Okay.  Mr. Graff, anything further you
8 wish for me to inquire about?
9    MR. GRAFF:  Your Honor, I believe that the Court has
10 thoroughly addressed all of the relevant issues.
11    It may be appropriate just to confirm with Mr. Le that
12 he understands -- what his understanding is of the effective
13 assistance of counsel as it pertains to his constitutional
14 rights, but I would leave that to the Court's discretion.
15    THE COURT:  That's fine.
16    So just on the last question, Mr. Le, as I said, the
17 Constitution and laws of this country entitle you to the
18 representation of counsel; and that means counsel that can
19 effectively represent your interests; and, as I said at the
20 beginning, that includes undivided loyalty to you; and so that
21 the person will zealously and fully represent your interests.
22    So part of what your waiver here of conflict-free
23 representation means is that down the road if you were
24 convicted and sentenced, you'd waive your ability to argue that
25 you didn't receive that effective assistance of counsel as a

F5DVCHEC

1  result of the fact that Mr. Brackley is being paid -- his fees
2  are being paid --
3              THE DEFENDANT:  By the fact that he is being paid by a
4  third party, yes.
5              THE COURT:  Exactly.
6              You understand that?
7              THE DEFENDANT:  Yes.
8              THE COURT:  Anything else, Mr. Graff?
9              MR. GRAFF:  No.  Thank you, your Honor.
10             THE COURT:  Anything else, Mr. Brackley?
11             MR. BRACKLEY:  No, Judge.  Thank you.
12             THE COURT:  I do conclude, based on what's before me,
13 including Mr. Le's clear understanding, in my view, of the
14 nature of the potential conflict here, that he has knowingly
15 and voluntarily waived his right to conflict-free
16 representation.  I am fully satisfied that he understands the
17 issues and, based on what's in front of me, I am satisfied that
18 we can proceed and we can proceed with Mr. Brackley
19 representing him.
20             Mr. Brackley, anything else I can address?
21             Mr. Graff?
22             MR. GRAFF:  No.  Thank you, your Honor.
23             THE COURT:  Mr. Brackley?
24             MR. BRACKLEY:  No.  Thank you, Judge.
25             THE COURT:  Okay.  Thank you.  We are adjourned.