UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Cheng Le,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 21 2015

15-cr-38 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Attached is a draft *voir dire*. If either party has any objection to any portion of the proposed *voir dire*, they shall file a letter via ECF by no later than August 23, 2015 at 12:00pm.

SO ORDERED.

Dated: August 21, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge

1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
              -v-                        :
                                         :           15-cr-38 (AJN)
CHENG LE,                                :
                                         :           VOIR DIRE
                                         :
                    Defendant.           :
------------------------------------------------------------------X
```

ALISON J. NATHAN, United States District Judge:

## PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO

U.S. v. Cheng Le
15-cr-38 (AJN)
Draft to Counsel (August 21, 2015)

When directed to do so, please indicate if your answer to any of the following questions is **"yes"** by circling the number of that question. If your answer to a question is **"no,"** you should not do anything. Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.  **Summary of the Case**

1.  Before we proceed, let me give you a brief summary of the case so that you have some sense of what it is about as we go through jury selection. As I told you a moment ago, however, nothing I say is evidence. The government has the burden of producing evidence sufficient to prove the defendant's guilt beyond a reasonable doubt. And the defendant is presumed innocent. With those important principles in mind, here is the summary:

2.  This case involves the defendant's alleged attempt to obtain lethal quantities of ricin, a biological toxin, for use as a weapon. In particular, the defendant is alleged to have tried to order ricin via an encrypted online marketplace from someone whom the defendant thought was a ricin trafficker but was, in fact, an undercover employee of the Federal Bureau of Investigation (that is, the "FBI"). The defendant is alleged to have used another individual's identity as part of his efforts to obtain the ricin, and to have used a false name in connection with a mailing to further his criminal scheme. As a result of these allegations, the Indictment charges the defendant in three counts:

    a.  Count One of the Indictment charges that, from at least in or about December 3, 2014, up to and including on or about December 23, 2014, CHENG LE attempted to acquire a biological agent or toxin—and, in particular, a substance known as ricin—for use as a weapon.

    b.  Count Two charges that, on or about December 23, 2014, LE used a false name in furtherance of conducting unlawful business by means of the Postal Service.

2

U.S. v. Cheng Le
15-cr-38 (AJN)
Draft to Counsel (August 21, 2015)

  c. Count Three charges that, from at least on or about December 18, 2014, up to and including on or about December 23, 2014, LE used a means of identification of another person, during and in relation to the offense charged in Count One—in other words, that LE used another person's means of identification as part of his attempt to acquire ricin.

**B.** **<u>Fundamental Principles</u>**

  Now, let me start by mentioning a few fundamental rules of law that must guide all of us during this trial. I will ask you whether you have any hesitation or unwillingness to accept the rules of law that I am about to describe.

  As I have just told you, the charges in this case are contained in an indictment. The indictment itself is not evidence that a defendant is guilty or not guilty. It merely contains formal accusations. It does not affect in any way the presumption of innocence that the law gives every accused person at a trial.

  A defendant is presumed to be innocent of the charges contained in the indictment, and this presumption of innocence remains in a defendant's favor at all times throughout the trial unless and until the Government proves every element of the charges against that defendant beyond a reasonable doubt. If, after carefully considering all the evidence presented, and following the rules of law that I will explain to you, you have a reasonable doubt about a defendant's guilt, you must acquit the defendant—that is, find the defendant not guilty. If, however, after careful consideration of all the evidence presented, and following the rules of law that I shall explain to you, you have no reasonable doubt as to the defendant's guilt, then you must convict the defendant—that is, find the defendant guilty.

  It is also an important principle of law that a criminal defendant has the right not to testify. If the defendant does not testify, you may not draw any inference against the defendant based on that decision and that fact may not enter into your deliberations.

U.S. v. Cheng Le
15-cr-38 (AJN)
Draft to Counsel (August 21, 2015)

The function of the jury is to decide all questions of fact. You who are chosen as jurors will be the only judges of the facts and nothing the Court or the lawyers say or do may in any way intrude on your role as exclusive fact-finders, based on the evidence presented. Jurors are required to make their decisions solely on the basis of the evidence presented at trial or the lack of evidence, and not on the basis of conjecture, suspicion, sympathy or prejudice for or against any party.

When it comes to the law, as distinguished from the facts, however, you must take your instructions from the Court—that is, from me—and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether the Government has proven the defendant guilty of the charges in the indictment beyond a reasonable doubt, according to my instructions.

The question of any punishment is for the Court alone and the jury may not consider possible punishment when it is deciding whether the Government has carried its burden of proving a defendant guilty beyond a reasonable doubt.

1. Would you have any difficulty following my instructions with respect to the fundamental principles I have outlined?

2. Do you have any personal knowledge of the charges in the indictment as I have described it?

3. Have you read or heard anything about this case through the media, the internet, or through any other source?

4. Is there any reason you could not view fairly and impartially a case involving the charges as I have described it?

U.S. v. Cheng Le
15-cr-38 (AJN)
Draft to Counsel (August 21, 2015)

## C. General Ability to Serve

5.  As I noted, this trial is expected to last approximately one-and-a-half weeks. Do you have any unmovable commitments that would interfere with your serving as a juror at a trial that is expected to last approximately one-and-a-half weeks?

6.  Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

7.  Do you have any difficulty understanding or reading English?

8.  Do you have any medical problems that might interfere with your service as a juror in this case?

9.  Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

10. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

11. Do you have any religious or ethical beliefs that would prevent you from rendering a verdict?

## D. Knowledge of Parties, Lawyers, Witnesses, Places, and Entities

12. The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York — who is Preet Bharara. The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Ilan Graff and Andrew Beaty. Mr. Graff and Mr. Beaty will also be assisted in this case by Joseph Rosenberg, a paralegal in the United States Attorney's Office. The Government will also be assisted in this case by Bryan Rawson, a Special Agent with the FBI. Have you or your family members or close friends had any dealings either directly or indirectly with any of these individuals?

13. Have your or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office? The Federal Bureau of Investigation ("FBI")?

U.S. v. Cheng Le
15-cr-38 (AJN)
Draft to Counsel (August 21, 2015)

14. The Defendant in this case is Cheng Le. He is represented by Patrick Brackley. Have you or your family members or close friends had any dealings either directly or indirectly with any of these individuals?

15. Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?

   a. Forensic Examiner Neel Barnaby, *Federal Bureau of Investigation*
   b. Postal Inspector Steven Barrientos, *United States Postal Inspection Service*
   c. Daniel Chunn
   d. Special Agent James Cunningham, *Federal Bureau of Investigation*
   e. Forensic Examiner Kelly Cunningham, *Federal Bureau of Investigation*
   f. Rhonda Lerner
   g. Detective Vincent Manion, *New York City Police Department*
   h. Anthony Pedone
   i. Daniel Piszczatoski
   j. Special Agent Bryan Rawson, *Federal Bureau of Investigation*
   k. Forensic Examiner Tiffany Smith, *Federal Bureau of Investigation*
   l. Special Agent Sara Wood, *Federal Bureau of Investigation*

16. Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, or myself?

17. The following is a list of entities or places that may be mentioned during the course of the trial:

   a. 353 Third Avenue, New York, New York
   b. 73 Lexington Avenue, New York, New York
   c. Newcastle, England

18. Do you have a familiarity with any of those places or entities that would interfere with your ability to be fair and impartial in this case and to decide the case based on the evidence presented in court?

E. **Relationship with, and View of, Government and Others**

19. Have you ever studied or practiced law or worked in any capacity for a law office?

20. Do you have any bias or prejudice for or against criminal defense lawyers or against prosecutors?

U.S. v. Cheng Le
15-cr-38 (AJN)
Draft to Counsel (August 21, 2015)

21. Do you have any bias or prejudice for or against the United States Attorney's Office, the Department of Justice, the FBI, or any other law enforcement agency?

22. Have you, or has any close friend or relative, ever worked in law enforcement — for example, as a police officer; as a security guard; at a jail or prison; in a local, state, or federal prosecutor's office; or in some other law enforcement capacity, such as an NYPD office or an agent at the FBI?

23. Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York? The FBI?

24. The government witnesses may include law enforcement officers. Would you be more likely to either believe or disbelieve a witness merely because the witness is a law enforcement officer?

25. You may hear testimony in this case that law enforcement officers recovered certain evidence from a search of an apartment and of email accounts. Such searches are legal. Do any of you have any feelings about searches of homes or of email accounts by law enforcement officers that would make it difficult for you to render a fair and impartial verdict?

26. You may hear testimony in this case that a law enforcement officer acted in an undercover capacity on the internet. Such undercover investigatory techniques are legal. Do any of you have any feelings about such cover activities by law enforcement that would make it difficult for you to render a fair and impartial verdict?

F. **Experience with, and Opinions of, Lawsuits, Crime, Legal Proceedings**

27. During the trial, you may hear evidence concerning the unlawful possession of a biological agent or toxin. Does this fact affect your ability to render a fair verdict?

28. During the trial, you may also hear evidence concerning identity theft. Does the fact that the charges involve identity theft affect your ability to render a fair verdict?

29. Finally, you may also hear testimony about what is sometimes referred to as the "Dark Web," certain websites that use digital tools, such as "Tor," to encrypt communications and conceal the servers on which the websites are hosted. Does anything about that affect your ability to render a fair verdict?

30. Do any of you have any opinion about law enforcement and the Dark Web that might prevent you from being fair and impartial in this case?

31. Have you or has any member of your immediate family ever brought a lawsuit against anyone or been sued?

32. Have you or has any member of your immediate family ever appeared as a witness either at a trial or in a grand jury investigation?

33. Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

34. Have you ever been a witness or a victim in any federal or state prosecution?

35. Have you, or any of your close friends or relatives, ever been a victim of a crime OR been a defendant in a criminal case?

36. Are you, or is any member of your family or a close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

37. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

### G. Final Question

38. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you would be able to serve conscientiously, fairly, and impartially in this case, and render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as I will explain it to you?

U.S. v. Cheng Le
15-cr-38 (AJN)
Draft to Counsel (August 21, 2015)

## QUESTIONS FOR INDIVIDUAL JURORS

1. Please state your name and county of residence. Please list each county of residence during the past five years.

2. How old are you?

3. How far did you go in school?

4. Who is your employer? (If retired or unemployed, describe your last employment.)

5. What do you do?

6. How long have you been employed in your current position? If fewer than five years, where else did you work in the last five years?

7. Have you or has any member of your family ever been employed by the city, state or federal government?

8. Who are the members of your household and for whom do they work?

9. Do you have grown children? For whom do they work?

10. What newspapers, magazines, websites, and/or television shows do you usually read or watch?

11. Have you ever served as a juror? If so, when did you serve and were you on a grand jury or a regular jury? If a regular jury, was it a civil or criminal case? Without indicating what the verdict was, did you reach a verdict? (**Do not tell us what the verdict was.**)